UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON DALEY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | ) NO. EDCV 10-00425 SJO (SS)<br>)<br>)<br>) **MEMORANDUM AND ORDER DISMISSING**<br>)<br>) **FIRST AMENDED COMPLAINT WITH LEAVE**<br>)<br>) **TO AMEND**<br>)<br>)<br>) |

　　　On March 25, 2010, Plaintiff, proceeding pro se, filed a Complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) and the Federal Tort Claims Act.  On May 11, 2010, after the Court dismissed the Complaint with leave to amend due to various pleading deficiencies, Plaintiff filed a First Amended Complaint (or "FAC").  Because the First Amended Complaint suffers from pleading deficiencies, it, too, must be dismissed with leave to amend.[1]

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge.  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

**ALLEGATIONS OF COMPLAINT**

The First Amended Complaint names the following defendants: (1) J.L. Norwood, former warden of the Federal Correctional Complex at Victorville, California ("FCC-Victorville"); (2) Lieutenant F. Entzel; (3) Mr. Johnson, "Officer in Charge; Senior Officer Specialist"; (4) Senior Officer Specialist Academia; (5) Correctional Officer Brown; and (6) Correctional Officer G. Ramirez. (Complaint at 3-5).[2] Plaintiff sues each Defendant in his or her individual capacity. (Id. at 3-4).

Plaintiff alleges that on March 25, 2009, he informed Defendant Norwood that Plaintiff had a broken finger, was in pain, and was being denied medical treatment. (Complaint at 7). Plaintiff asserts that Defendant Norwood was deliberately indifferent to Plaintiff's injury and

---

[2] Plaintiff inserts additional pages into the standard civil rights complaint form as well as attaching additional pages to it. The Court will refer to the pages of the Complaint as if they were consecutively numbered.

1 refused to order medical personnel under his supervision to treat the
2 injury, to notify the Health Services Department, or to transport
3 Plaintiff to the Medical Department for treatment. (Id.). This
4 allegedly violated federal regulations and prison policy. Similarly,
5 Plaintiff asserts that Defendant Entzel refused to notify medical
6 personnel of Plaintiff's broken finger for approximately thirty days,
7 refused to notify Health Services of the injury, and refused to
8 transport Plaintiff to the Health Services Department for treatment.
9 (Id. at 8-9). Plaintiff makes almost identical allegations against
10 Defendants Johnson, Academia, Brown, and Ramirez. (Id. at 10-12). In
11 addition, Plaintiff alleges that Defendants Entzel and Academia "gave
12 false testimony" during "the investigative portion of the administrative
13 remedy process" in an effort to cover up their deliberate indifference
14 to Plaintiff's medical needs. (Id. at 10, 11). Plaintiff sues for
15 damages. (See id. at 13).

**DISCUSSION**

19     Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's
20 First Amended Complaint due to defects in pleading. Pro se litigants in
21 civil rights cases, however, must be given leave to amend their
22 complaints unless it is absolutely clear that the deficiencies cannot be
23 cured by amendment. Lopez, 203 F.3d at 1127-29; see also Lucas v. Dep't
24 of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Karim-Panahi v.
25 Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).
26 Accordingly, the Court grants Plaintiff leave to amend, as indicated
27 below.

To demonstrate a civil rights violation a plaintiff must show that the defendant's conduct caused a deprivation of the plaintiff's constitutional or statutory rights. See 42 U.S.C. § 1983; Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007), vacated on other grounds, 129 S. Ct. 2431, 174 L. Ed. 2d 226 (2009). Plaintiff alleges that Defendant Entzel and Defendant Academia made false statements regarding their handling of Plaintiff's requests for medical care. (FAC at 10, 11). Plaintiff alleges these two defendants made the false statements to cover up the fact that they violated Plaintiff's constitutional rights by their deliberate indifference to Plaintiff's serious medical needs. (Id.). Presumably, these statements were made while Plaintiff was exhausting his deliberate indifference claim through the prison grievance procedure.

Plaintiff's allegations do not state a claim for a constitutional violation. Plaintiff has not identified any way in which he was harmed by the actions of Defendant Entzel and Defendant Academia. He merely alleges that two of the defendants made false statements during an investigation. However, "mere allegations of falsified evidence . . . are not enough to state a due process claim." Smith v. Mensinger, 293 F.3d 641, 654 (3rd Cir. 2002); see also Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Moreover, to the extent Plaintiff attempts to complain of a flawed grievance procedure, he also fails to state a claim. Inmates do not have a constitutional right to a specific grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (same). Thus, Plaintiff's claims regarding false statements made by Defendant Entzel and Defendant Academia do not state a claim under § 1983 and must be

dismissed. Plaintiff is given leave to amend the First Amended Complaint, however.

## CONCLUSION

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Second Amended Complaint, curing the defects in the First Amended Complaint described above. The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior complaints. Each page of the Second Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** Plaintiff should make clear which defendant committed a particular act of misconduct. Individuals who have not engaged in any alleged misconduct should not be named as defendants. It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his complaint. Plaintiff shall not repeat the deficiencies of the current complaint.

Plaintiff is explicitly cautioned that failure to file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A sample notice is attached to this order as well.

DATED: June 24, 2010                                    /S/

                                                  _____
                                                  SUZANNE H. SEGAL
                                                  UNITED STATES MAGISTRATE JUDGE