**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAMEON DALEY, | ) NO. EDCV 10-00425 SJO (SS) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER DISMISSING** |
| UNITED STATES OF AMERICA, et al., | ) **SECOND AMENDED COMPLAINT WITH** |
| Defendants. | ) **LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On March 25, 2010, Dameon Daley ("Plaintiff"), proceeding pro se, filed a Complaint for Damages (the "Complaint") pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and the Federal Tort Claims Act. On April 13, 2010, the Court dismissed the Complaint with leave to amend due to various pleading deficiencies. On May 11, 2010, Plaintiff filed a First Amended Complaint. On June 24, 2010, the Court dismissed the First Amended Complaint with leave to amend due to various pleading deficiencies. On July 19, 2010, Plaintiff filed a Second

Amended Complaint (the "Second Amended Complaint" or "SAC"). Because the Second Amended Complaint also suffers from pleading deficiencies, it too must be dismissed with leave to amend.[1]

## II.

## ALLEGATIONS OF COMPLAINT

The Second Amended Complaint names the following defendants: (1) Lieutenant F. Entzel ("Lt. Entzel"); (2) Senior Officer Specialist Academia ("Specialist Academia"); (3) Officer in Charge Johnson ("Officer Johnson"); (4) Correctional Officer G. Ramirez ("Officer Ramirez"); (5) Correctional Officer Brown ("Officer Brown"); (6) Correctional Officer Luna ("Officer Luna"); (7) Health System Specialist Moody Malingkas ("Specialist Malingkas"); (8) Health Services Administrator Martinez ("Administrator Martinez"); (9) Regional Director J. L. Norwood ("Director Norwood"); and (10) the United States of America. (See SAC at 3-6). Plaintiff sues all of the defendants in their individual capacity, with the exception of the United States of America, for which Plaintiff does not specify the capacity in which he sues. (See id.).

Plaintiff alleges that from March 15, 2009 through April 13, 2009, Lt. Entzel, Specialist Academia, Officer Johnson, Officer Ramirez, Officer Brown, and Officer Luna violated his constitutional and statutory rights by failing to notify medical personnel that Plaintiff

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

had suffered a serious injury and needed medical treatment. (See SAC at 7-8). Plaintiff alleges that Specialist Malingkas violated his rights by refusing to either treat Plaintiff's injuries within twenty-four hours or notify other medical personnel. (See id. at 8). Plaintiff alleges that Administrator Martinez and Director Norwood violated his rights by refusing to order their subordinates to treat Plaintiff's injuries. (See id. at 8-9). Plaintiff alleges that the United States of America violated his rights by being negligent in failing to properly train and supervise its employees. (See id. at 10).

Plaintiff seeks damages in the amount of $250,000 from Lt. Entzel, $375,000 from Specialist Academia, $125,000 from Officer Johnson, $100,000 from Officer Ramirez, $100,000 from Officer Brown, $100,000 from Officer Luna, $100,000 from Specialist Malingkas, $150,000 from Administrator Martinez, $300,000 from Director Norwood, and $2,500,000 from the United States of America. (See SAC at 11-12). Plaintiff also seeks injunctive relief in the form of a requirement that the United States of America install ladders in all cells that house more one prisoner. (See id. at 12).

## III.

## DISCUSSION

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous

3

or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Second Amended Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29; see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.  Plaintiff Cannot State A Claim Against Administrator Martinez Or Director Norwood Under A Theory Of Respondeat Superior**

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 U.S. at 1948.

\\
\\

Administrator Martinez and Director Norwood may not be held liable for conditions at the prison simply because they have supervisory responsibility. Instead, they may only be held personally liable if they "play[ed] an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). In order to be held liable, a supervising officer has to personally take some action against the Plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted). Thus, as to each defendant Plaintiff wishes to hold responsible, he must allege specific facts showing what that person did or did not do, when and where, and how each defendant's action or inaction caused a violation of Plaintiff's civil rights.

The complaint must contain enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal quotations and citations omitted). Even liberally construed, Plaintiff's Second Amended Complaint fails to meet this standard for a claim against either Administrator Martinez or Director Norwood. The allegations fail to show how these defendants, through their personal conduct, violated the Constitution.

**B.  Plaintiff Fails To Allege Sufficient Facts To State A Claim For Delay Of Medical Care**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To avoid dismissal, a complaint must contain "more than labels or conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 129 S. Ct. at 1949 ("Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In other words, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial validity when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. At 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." Id.

Here, Plaintiff presents no specific factual allegations in support of his claim for delay of medical care. He merely makes general and conclusory accusations that the defendants were "aware of" his injury, that they "failed to notify medical personnel," and that he "suffer[ed] pain" as a result. (SAC at 7-9). Plaintiff is advised that in order to state a claim for delay of medical care, he must show both a serious medical need and that the defendant's response was deliberately indifferent. See Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009). "Deliberate indifference . . . requires an objective risk of

harm <u>and</u> a subjective awareness of that harm." <u>Id.</u>  Thus, as to each defendant Plaintiff wishes to hold responsible, he must allege specific facts showing that there was both an objective risk of harm and that the defendant had a subjective awareness of that harm.

The complaint must contain enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (internal quotations and citations omitted).  Even liberally construed, Plaintiff's Second Amended Complaint fails to meet this standard for a claim based on delay of medical care.  The allegations fail to show how the named defendants violated the Constitution.

**C.    Plaintiff Must Allege Administrative Exhaustion To Establish Jurisdiction Under The Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA") expressly prohibits any action from being instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  This administrative exhaustion requirement is mandatory and jurisdictional.  <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim is jurisdictional.").

1    Plaintiff bears the burden of establishing jurisdiction under the
2 Federal Tort Claims Act. See Industrial Tectonics, Inc. v. Aero Alloy,
3 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction
4 has the burden of proving all jurisdictional facts."). Here, Plaintiff
5 merely checked the box for "Yes" on the standard civil rights complaint
6 form indicating that he complied with the relevant grievance procedure.
7 (See SAC at 2). However, this Court lacks jurisdiction over Plaintiff's
8 FTCA claims unless he specifically alleges compliance the FTCA's
9 administrative exhaustion requirement. See Gillespie v. Civiletti, 629
10 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative
11 claim is a jurisdictional prerequisite to the bringing of a suit under
12 the FTCA, Caton v. United States, 495 F.2d 635 (9th Cir. 1974), and, as
13 such, should be affirmatively alleged in the complaint."). A district
14 court may dismiss a complaint for failure to allege this jurisdictional
15 prerequisite. Id.
16
17    The complaint must contain enough factual matter, accepted as true,
18 to "state a claim to relief that is plausible on its face." Iqbal, 129
19 S. Ct. at 1949 (internal quotations and citations omitted). Even
20 liberally construed, Plaintiff's Second Amended Complaint fails to meet
21 this standard regarding the FTCA's administrative exhaustion
22 requirement. The allegations fail to show that Plaintiff has satisfied
23 the jurisdictional prerequisites of the FTCA.
24 \\
25 \\
26 \\
27 \\
28 \\

**IV.**

**CONCLUSION**

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Third Amended Complaint, curing the defects in the Second Amended Complaint described above. The Third Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior complaints. Each page of the Third Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. Plaintiff should make clear which defendant committed a particular act of misconduct. Individuals who have not engaged in any alleged misconduct should not be named as defendants. It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his complaint. Plaintiff shall not repeat the deficiencies of the current complaint.

\\
\\

Plaintiff is explicitly cautioned that failure to file a Third Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A sample notice is attached to this order as well**.

DATED: August 2, 2010

                                                **/S/**
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE